**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3939-19T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

RASHEED M. PHILLIPS,

     Defendant-Respondent.

_____

        Submitted October 5, 2020 – Decided November 13, 2020

        Before Judges Rothstadt and Susswein.

        On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 18-01-0074.

        Damon G. Tyner, Atlantic County Prosecutor, attorney for appellant (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).

        Joseph E. Krakora, Public Defender, attorney for respondent (Sarah B. Weinstock, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

We granted the State leave to appeal from the trial court's May 14, 2020 order suppressing all evidence police seized from a hotel room that defendant, Rasheed Phillips, was in at the time of his arrest. This case returns to us after we remanded for the trial court to determine whether there were exigent circumstances to justify the warrantless police entry into the hotel room to retrieve contraband – a marijuana cigar – police saw when defendant opened the door. We explained that we were "remand[ing] the matter for the trial court to clarify and amplify its ruling with respect to the exigent circumstances required to enter the room to secure the marijuana cigar." State v. Phillips, No. A-3953-18T4 (App. Div. Nov. 18, 2019) (slip op. at 2). The trial court on remand, however, did not follow our instructions. The court did not make findings concerning the fact-sensitive issues we explicitly outlined in our prior opinion. Nor did the trial court explain the reasons for its decision to reverse course and suppress the one item of evidence it had previously ruled admissible. We therefore are constrained to remand again for the trial court to complete the task we previously assigned. See Tomaino v. Burman, 364 N.J. Super. 224, 232–33 (App. Div. 2003) (recognizing "it is the peremptory duty of the trial court, on remand, to obey the mandate of the appellate tribunal precisely as it is written")

(quoting Jersey City Redevelopment Agency v. The Mack Props. Co. No. 3, 280 N.J. Super. 553, 562 (App. Div. 1995)).

We presume the parties are familiar with the procedural history and relevant facts, which are set forth in our prior opinion and need not be repeated at length. It is sufficient for present purposes to note that after convening an evidentiary hearing on defendant's motion to suppress, the trial court initially held that police did not have lawful authority to enter the hotel room to arrest defendant for a disorderly persons offense. It is not disputed that police lawfully went to the room to investigate suspected drug distribution activity, and thus were lawfully in the hallway outside the hotel room. When defendant opened the door, the officers, still in the hallway, detected the strong smell of burnt marijuana and saw a marijuana cigar on the bed that was close to the doorway. The police immediately recognized this object was contraband. Defendant was placed under arrest for the marijuana use/possession offense. Once inside the room, police observed heroin in an open suitcase situated between the bed and the doorway wall. The trial court granted defendant's motion to suppress the heroin that police discovered after they entered the room but held that the marijuana cigar observed before they entered the room was admissible. The trial

A-3939-19T4

court thus tacitly ruled the police had lawful authority to enter the room to seize the marijuana cigar in plain view.

We concluded that the trial court's two rulings – suppressing the heroin and admitting the marijuana cigar – were incongruous. Phillips, slip op. at 9. We held that if there was sufficient exigency to justify the limited police entry to retrieve the marijuana cigar from the bed, then police would have been legitimately present in the hotel room when they observed the heroin in the open suitcase next to the bed. In that event, all evidence seized from the hotel room would be admissible. If, on the other hand, police were not authorized to enter the room to retrieve the marijuana cigar, all evidence would be inadmissible. Ibid.

On remand, the trial court reconciled the incongruity by suppressing the marijuana cigar. In doing so, however, the court did not conduct a new analysis to determine whether there were exigent circumstances to allow the officers to enter the room to retrieve the marijuana cigar. As we noted in our prior opinion, "[t]he judge's [original] oral opinion only briefly touched on the question of exigency and did so in the context of the reasonableness of the police decision to arrest defendant inside the hotel room rather than in the hallway." Id. at 5. The trial court in its initial ruling, in other words, focused on whether police had

authority to enter the room to complete the arrest process. The judge reasoned the police should have asked defendant to step out into the hallway, or else should have handcuffed him while he was in the doorway threshold, rather than enter the hotel room to apply handcuffs. In his initial oral ruling, the trial judge did not focus on the risk the marijuana cigar might be removed or destroyed by defendant or someone else unless police immediately entered the room to retrieve it.

As we have noted, the trial court during the brief remand hearing did not address the exigency-related questions we framed in our prior opinion.[1] Nor did the judge explain the reasons for changing his ruling with respect to the marijuana cigar other than to agree with our conclusion that his two initial suppression rulings were incongruous. Neither the trial judge's oral opinion

---

[1] The trial court at the remand hearing only alluded in cursory fashion to the exigency issue. The judge commented:

> I noted at the time [of the initial ruling] that there was nothing from Detective Berardis's testimony or from Lieutenant Corcoran's testimony to indicate that there was any apprehension, at least on the part of the officers, that there was any exigency, that there was a possibility for destruction of evidence or that there were any weapons present.

A-3939-19T4

during the six-minute hearing nor his one-page order suppressing all evidence seized from the hotel room explain the court's exigency analysis.

In our prior opinion, we expressly noted the trial court could "reverse course and entertain a motion to reconsider the marijuana's admissibility." But that option was predicated on the trial court "mak[ing] a finding there was insufficient exigency[.]" Phillips, slip op. at 19 n.8. The court's brief reference to exigency at the remand hearing, see n.1, supra, does not adequately explain why the court decided to suppress the marijuana cigar. Our review of the record leads us to conclude that the trial court did not "clarify and amplify its ruling with respect to the exigent circumstances required to enter the room to secure the marijuana cigar[,]" in accordance with our prior opinion. Id. at 2.

It bears repeating that the pivotal issue in this case is whether the police were justified in entering the hotel room. As explained in our prior opinion, given the small size of the hotel room and the close proximity of the open suitcase to the bed and door, the plain view doctrine would apply if the officers were authorized to enter the room even slightly for any lawful purpose, since they would be "legitimately on the premises" at the same moment that it was "immediately apparent" that the open suitcase contained an illicit controlled dangerous substance. Id. at 8. Relying on unambiguous United States Supreme

6

Court precedents, we rejected the State's argument that the plain view doctrine, standing alone, could justify the entry. Rather, the act of crossing the threshold of the doorway would be lawful only if another exception to the warrant requirement applied, that is, the exigent circumstances exception. Id. at 11. The critical inquiry, therefore, is whether there was sufficient exigency for the officers to enter and retrieve the marijuana cigar without first obtaining a search warrant, considering the risk that the cigar could be removed or destroyed if police delayed in seizing it.

Having framed the legal issue, we declined to exercise original jurisdiction to make findings regarding exigent circumstances. As we recognized in our prior opinion, exigency analysis is "highly fact sensitive." Id. at 13 (quoting State v. Alvarez, 238 N.J. Super. 560, 568 (App. Div. 1990)). We therefore concluded the trial judge is better situated to undertake this fact-sensitive inquiry, noting, "it is proper for the trial court in the first instance to make a detailed finding on whether exigent circumstances made it objectively reasonable for the police to enter the hotel room to retrieve the marijuana cigar." Phillips, slip op. at 12. (emphasis added).

To aid the trial court in its analysis on remand, we provided an overview of the case law concerning the exigent circumstances exception as it pertains to

A-3939-19T4

the potential removal or destruction of contraband. <u>Id.</u> at 13–17. Further, we distilled a list of specific factors and case-sensitive circumstances to consider based on the legal principles gleaned from the case law in view of the record in this case. Those factors/circumstances are:

> (1) the limited degree of physical intrusion into the room; (2) the seriousness of the offense for which they had probable cause; (3) the drug distribution transaction involving a room occupant that occurred nearby shortly before the entry; (4) the report of heavy foot traffic into the room; (5) the possibility that someone else might have been in the bathroom; (6) the inherent destructibility of the marijuana cigar; and (7) any other circumstance the court deems relevant to the reasonableness of the police entry to retrieve the marijuana cigar.
>
> [<u>Id.</u> at 18].

On remand, the trial court did not consider any of these factors/circumstances.

We maintain that it is best for the judge who convened the evidentiary hearing to address whether exigent circumstances existed to justify retrieving the marijuana cigar from the bed without first obtaining a search warrant. While we acknowledge the delay in ordering a second remand, we again decline to exercise original jurisdiction to resolve disputed fact-sensitive questions. For example, we leave to the motion judge in the first instance to determine whether there was an objectively reasonable basis to believe that other persons had

A-3939-19T4

access to the hotel room or might even have been present in the bathroom when defendant was taken into custody. We remain mindful that our original factfinding authority must be exercised "with great frugality and in none but a clear case free of doubt." Tomaino, 364 N.J. Super. at 234–35 (quoting In re Boardwalk Regency Corp. Casino License, 180 N.J. Super. 324, 334 (App. Div. 1981). This case does not fit within those parameters.

We are confident that this time, the trial court will in short order make the necessary findings of fact and conclusions of law to resolve whether it was objectively reasonable for the police to step into the room to secure the marijuana cigar. We therefore remand again and instruct the court to make explicit and specific findings within thirty days.

Because our survey of the exigency case law is set forth in our prior decision, we need not repeat the analytical framework we previously laid out. Our goal was, and remains, to provide guidance to the trial court in applying the exigent circumstances exception as it pertains to police entering private premises to prevent the removal or destruction of criminal evidence. See Alvarez, 238 N.J. Super. at 568 (acknowledging that while the exigency factors the court summarized in that case "can be articulated with disarming ease, their application to a concrete factual pattern is not without difficulty."). Once again,

9

we specifically instruct the trial court to address all of the above-listed factors/circumstances that we found relevant from our review of the case law and the record in this case. We further instruct the trial court to make its findings in sufficient detail for appellate review if needed.

To further aid the court, we direct that the parties provide the trial judge with their appellate submissions if they have not already done so. We leave it to the trial court's discretion to require additional submissions or oral argument from the parties if necessary, and within the thirty-day time frame.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3939-19T4